```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                      FORT WORTH DIVISION

JOE LAWRENCE DAVIS,               §
(TDCJ No. 921725)                 §
VS.                               §   CIVIL ACTION NO.4:09-CV-003-Y
                                  §
                                  §
NATHANIEL QUARTERMAN, et al.      §
```

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(B) and UNDER 28 U.S.C. §§ 1915(e)(2)(B) (With special instructions to the clerk of Court)

This case is before the Court for review of pro-se inmate and plaintiff Joe Lawrence Davis's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Davis, an inmate at the Texas Department of Criminal Justice ("TDCJ")'s Polunsky unit, filed a form civil-rights complaint under 42 U.S.C. § 1983 naming as defendants Nathaniel Quarterman, director, TDCJ Correctional Institutions division; Scott Wisch, judge, 372nd Judicial District Court, Tarrant County, Texas; Tim Curry, district attorney, Tarrant County, Texas; and attorney Eduardo Canas.[1] (Compl. Style; § IV(B).) Davis contends that the defendants have denied him access to court and due process of law in failing to bring him to Court for forensic DNA testing. He alleges that although he paid counsel to conduct DNA testing, any resulting evidence was not presented. He alleges that Curry suppressed the DNA evidence and that he is being housed in TDCJ on an unjust conviction. (Compl. §§ IV, V.) Davis seeks

---

[1] Davis has filed a motion for leave to amend his complaint, stating in the motion itself that he wishes to add as defendants the Benbrook Police Department, City of Benbrook, Texas, and Genescreen Forensic Laboratory. The motion (docket no. 10) is GRANTED to the extent the clerk of Court is directed to list these additional parties as defendants in this action.

monetary damages in the form of reimbursement for the DNA testing, and he seeks to have this Court order DNA testing to prove his innocence.(Compl. § VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint under these standards, the Court concludes that Davis's claims must be dismissed.

---

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2005); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

With regard to any claims against Judge Scott Wisch, judges are absolutely immune from claims for damages arising out of acts performed in the exercise of their judicial functions.[7] Absolute judicial immunity can be overcome only if the plaintiff shows that the complained-of actions were nonjudicial in nature or that the actions were taken in the complete absence of all jurisdiction.[8] Because the complained-of conduct by Judge Wisch was judicial in nature and was undertaken pursuant to the jurisdiction provided to the 372d Judicial District Court, Tarrant County, Texas, Judge Wisch is entitled to absolute immunity from any monetary damages claims, and such claims will be dismissed under 28 U.S.C. § 1915A(b)(2) and under 28 U.S.C.§ 1915(e)(2)(B)(iii).

Likewise, Tim Curry is entitled to absolute immunity for any monetary damages claims. The Supreme Court has consistently held that acts undertaken by a government prosecutor in the course of his role as an advocate for the government are cloaked in absolute immunity.[9] The Court has further explained that absolute immunity is afforded based upon whether the prosecutor is acting "in his role as advocate for the State."[10] Here, even assuming Plaintiff's

---

[7] *Mireless v. Waco*, 502 U.S. 9, 11 (1991), *citing Forrester v. White*, 484 U.S. 219, 227-229 (1988) and *Stump v. Sparkman*, 435 U.S. 349, 360 (1978); *see also*, *Boyd v. Biggers,* 31 F.3d 279, 284 (5th Cir. 1994).

[8] *Mireless*, 502 U.S. at 11; *Boyd*, 31 F.3d at 284.

[9] *Buckley v. Fitzsimmons,* 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).

[10] *Imbler,* 424 U.S. at 431 n.33.

allegations against Tim Curry are true, Curry would have taken such action in his role as a prosecutor on behalf of the State of Texas. Thus, defendant Curry is entitled to absolute prosecutorial immunity from any claim for monetary damages, and such claims will also be dismissed under 28 U.S.C. § 1915A(b)(2) and under 28 U.S.C.§ 1915(e)(2)(B)(iii).

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of both of its elements: (1) the deprivation of a right secured by the Constitution or laws of the United States; and (2) the deprivation was imposed by a person acting under color of law.[11] As to Davis's allegations against his attorney, he has failed to satisfy the second element. Davis has failed to show that Eduardo Canas, a private attorney, acted under color of law. Because an attorney, whether private or appointed, owes his only duty to the client and not to the public or the state, his actions are not chargeable to the state.[12] Furthermore, Plaintiff has made no allegation that Canas was acting on behalf of the government. Davis cannot show that Canas was acting under color of law, so any claim for violation of his constitutional rights asserted through 42

---

[11] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir.), *cert. denied,* 510 U.S. 820 (1993).

[12] *See Thompson v. Aland*, 639 F.Supp. 724, 728 (N.D. Tex.1986), *citing Polk County v. Dodson*, 454 U.S. 312, 318 (1981); *see also Pete v. Metcalfe*, 8 F.3d 214, 216-17 (5th Cir. 1993).

4

U.S.C. § 1983[13] against this defendant must be dismissed under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i) and (ii).

With regard to the remainder of Plaintiff's claims, and alternatively as to the defendants already subject to dismissal for other reasons, the Court concludes that Plaintiff's claims are not cognizable under 42 U.S.C. § 1983. Plaintiff seeks from this Court declaratory and injunctive-type relief in the form of ordering the testing of DNA evidence.  In *Heck v. Humphrey*,[14] the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment is not cognizable under 42 U.S.C. § 1983 and does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[15] Although *the Heck* opinion involved a bar to claims for monetary damages, a dismissal of a claims for injunctive relief and for declaratory relief may also be made pursuant to *Heck*.[16]

---

[13] The Court notes that Davis contends that Canas rendered ineffective assistance of counsel. To the extent Canas seeks to challenge his conviction on the basis of this and other violations of the Constitution in federal court, the proper procedure is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254, after exhaustion of any remedies available under Texas state law.

[14] 512 U.S. 477, 486-87 (1994).

[15] *Heck,* 512 U.S. at 486-87; *see also Wells v. Bonner,* 45 F.3d 90, 94 (5th Cir. 1995).

[16] *See Edwards v. Balisok,* 520 U.S. 641, 648 (1997)(extending *Heck* to claims for declaratory relief that necessarily would imply the invalidity of punishment); *Clarke v. Stadler,* 154 F.3d 186, 190-91 (5th Cir. 1998)(en banc)(holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey*), *cert. den'd,* 525 U.S. 1151 (1999).

5

The United States Court of Appeals for the Fifth Circuit, citing the analysis of the United States Court of Appeals for the Fourth Circuit in *Harvey v. Horan*, 278 F.3d 370, 374-78 (4th Cir.2002), *pet. for reh'g and reh'g en banc denied*, 285 F.3d 298, held that, "under *Heck*, no § 1983 claim exists for injunctive relief to compel DNA testing . . . ."[17] The Fifth Circuit explained:

> [S]ince *Preiser v. Rodriguez*, 411 U.S. 475(1973), the Supreme Court has consistently held that habeas corpus is the exclusive means for prisoners to attack the fact or duration of their confinement. *Harvey* . . . analyzed a claim for DNA testing much like this one and drew the obvious conclusion that the proposed remedy is sought "to set the stage for a future attack on [the prisoner's] confinement"-effectively transforming the claim into a petition for a writ of habeas corpus. *Harvey*, 278 F.3d at 378. Not only is Harvey strongly persuasive, but this Court, too, has recently reiterated that claims seeking to attack the fact or duration of confinement, as well as claims which are "so intertwined" with attacks on confinement that their success would "necessarily imply" revocation or modification of confinement, must be brought as habeas corpus petitions and not under § 1983. *Martinez v. Texas Court of Criminal Appeals*, 292 F.3d 417, 423 (5th Cir.2002). Under *Martinez*, a prisoner's request for DNA testing of evidence relevant to his prior conviction is "so intertwined" with the merits of the conviction as to require habeas corpus treatment.[18]

Under this controlling authority, Plaintiff's request to have this Court "order forensic DNA test of exculpatory evidence that can prove plaintiff actual innocence" is not cognizable under 42 U.S.C. § 1983, and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1)

---

[17]*Kutzner v. Montgomery County,* 303 F.3d 339, 341 (5TH Cir. 2002).

[18]*Id.*

6

and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[19]

Therefore, all of Plaintiff's claims for monetary damages against Scott Wisch and Tim Curry are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's claims for monetary damages against Eduardo Canas are DISMISSED WITH PREJUDICE under authority of 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii). Furthermore, and alternatively, all of Plaintiff's claims are DISMISSED WITH PREJUDICE to their being asserted again until the *Heck v. Humphrey* conditions are met, under authority of 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).[20]

SIGNED April 17, 2009.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[19] *See Heck*, 512 U.S. at 487-88; *see generally Leviege v. Hamlin,* No.3:06-CV-1721-N, 2006 WL 3478400, at *2-3 (N.D.Tex. Dec. 1, 2006)(dismissing claims for exoneration from conviction and to produce DNA evidence under § 1983 as frivolous under §§ 1915A and 1915(e)); *Crum v. Foti,* No.08-57-C, 2008 WL 4297055 (M.D.La. Sep. 16, 2008)(dismissing as frivolous under § 1915(e) claims to compel production of biological evidence for DNA testing).

[20] *See Johnson v. McElveen,* 101 F.3d 423, 424 (5th Cir. 1996).